Per Curiam.

The parties were jointly liable to keep the dam in repair, nothing to the contrary appearing, and the floom contiguous to the mill of either was to be supported at his individual expense. It seems clear that this right to repair extends throughout the year. If there was a preference in the use of the water during part of the year, but not an exclusive right, then the defendant was entitled to the surplus water, and he had a right to repair on that account. But besides this, either party had not only a right to keep his floom in repair, for his own use, but his duty required him to do so, in order to save the water for the use of the other party.
The defendant then having had the right to make repairs, the question was, whether he used ordinary diligence. This question was submitted to the jury with instructions that were correct. If the defendant was bound to keep his floom in repair, he is not answerable for the accidental consequences of repairing, provided he was not guilty of negligence. If any accident happened which-rendered extraordinary steps necessary in order to preserve the common property, as lifting the waste-gate or removing the flash-boards of the plaintiffs, he *541 had a right to enter on the plaintiffs’ land and perform these sets.
The judgment therefore must be for the defendant upon the verdict, unless the death of one of the plaintiffs abates the action.
Upon this question the cause was continued nisi, and the following opinion of the Court was afterwards drawn up by
Wilde J.
The death of one of the plaintiffs being suggested, the question is, whether the action may be prosecuted in the name of the survivor.
This is an action of trespass, and by the principles of the common law the death of one of the plaintiffs would abate the writ, because the cause of action is charged as arising ex delicto ; and such an action does not survive to the executor. But by the St. 8 fy 9 Wm. 3, c. 11, § 7, the death of one plaintiff or defendant, when there is another surviving, shall not abate the suit. It is said that this statute has not been adopted in this Commonwealth. How this may be in point of fact, does not appear, but as it was made in amendment of the common law, it seems that it may be presumed to have been adopted here.[1] Commonwealth v. Leach, 1 Mass. R. 61 ; Commonwealth v. Knowlton, 2 Mass. R. 535.
But if this position cannot be maintained, we are of opinion that the survivor may prosecute the action by virtue of St. 1828, c. 112. This statute provides, “ that all actions for injuries done to real estates, and which do now abate by the death of the parties to the same, shall be considered as actions and suits, which survive to the executor or administrator of such deceased parties, and may be prosecuted and defended in the same manner, and to the same extent, as might have been done by the testators or intestates respectively, during their lives.”
According to the literal construction of the statute, the executor or administrator of the deceased party might be admitted to prosecute jointly with the surviving plaintiff. But we do not think that such is the true meaning of the statute. The *542 language is, that actions of this description shall be considered as acti°ns andsuits, which survive to the executor or administratar; ” and the intention is, no doubt, that they are to be prosecuted in the same manner, as actions of assumpsit and other actions which by law survive. This we think is the true meaning of the statute.[2] If, however, we were of a different opinion, I should see no difficulty in admitting the executor of the deceased party to come in, and prosecute the action, jointly with the surviving plaintiff.

 See Patterson v. Winn, 5 Peters, 241; 1 Baldw. 559; Colley v. Merrill, 6 Greenleaf, 55; Sackett v. Sackett, 8 Pick. 309 ; Sibley v. Williams, 3 Gill & Johns. 62; State v. Campbell, Charlton, 167.

 See Revised Stat. c. 93, § 12; Haven v. Brown, 7 Greenleaf, 421; Wilson v. Slaughter, 3 J. J. Marshall, (Ken.) 595.